[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11541
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-03319-RLV

DEMONE HAMILTON,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 18, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Demone Hamilton, a Georgia prisoner serving 2 consecutive life sentences, plus concurrent sentences of 20 and 5 years, appeals from the district court's denial of his *pro se* petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  We granted Hamilton a certificate of appealability on whether his right to due process was violated when Detective Dean told the jury that Hamilton refused to provide a post-arrest and post-*Miranda* statement.  Hamilton argues that the detective's testimony infringed on his right to remain silent and denied him due process.

We review a district court's denial of a habeas petition *de novo*, and its factual findings for clear error.  *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010).  However, we may affirm on any ground supported by the record.  *Trotter v. Sec'y, Dep't of Corrs.*, 535 F.3d 1286, 1291 (11th Cir. 2008).

It is questionable whether Hamilton fairly presented this claim to the state courts, but, even if he did, his claim would fail on the merits, and we may affirm on that ground.  *See Trotter*, 535 F.3d at 1291.  Hamilton does not dispute the facts of the testimony at trial.  Detective Dean's testimony at trial reveals that Hamilton did provide a post-*Miranda*  statement, and, consequently, there can be no prejudice from the detective's comments on Hamilton's right to remain silent, as Hamilton never exercised that right.  Therefore, Hamilton has not shown a violation of his right to remain silent or a denial of due process.

**AFFIRMED.**